## SMITH v. SHEHEE.
### No. 4278.

Court of Appeal of Louisiana. Second Circuit.
Dec. 16, 1932.

Goff & Goff, of Arcadia, for appellant.

John T. Campbell, of Minden, for appellee.

PALMER, J.

A full statement of this case was made in our former opinion reported in 143 So. 339. It was error on our part to have affirmed the judgment of the lower court in toto, without expressly passing upon plaintiff's plea of prescription and defendants' alternative defenses. It was for the purpose of passing upon those issues that a rehearing was granted. In our former statement of the case, we neglected to say that, not only does the defend-

ant, administrator, appeal, but also Daisy Adams Rambo, an alleged creditor of the succession of William Adams, deceased, has appealed.

In order to get the questions to be now passed on by the court succinctly stated, it is considered advisable to give here just a brief résumé of some of the facts involved. It will be borne in mind that the appellants are asserting claims against the succession of William Adams, who died in February, 1927. In June of that year, one of the appellants, Daisy Adams Rambo, and her sister, Sally Ashley, presented a petition to the district court alleging that they and certain named minor heirs of a deceased sister are the sole heirs of William Adams and Julia Carley Adams. On that petition they obtained an ex parte judgment recognizing them as such heirs and sending them into possession of all the property which they caused to be inventoried as the property of their said father and mother, including the eighty acres of land involved in this suit.

It will be borne in mind that on the 5th of November, 1928, plaintiff in this suit secured from Annie Adams Campbell and James Adams, two of the three children born of the slave marriage between William Adams and Winnie Adams, a deed to their alleged two-thirds interest in this eighty acres of land. Plaintiff then brought suit against the said Daisy Adams Rambo and her sisters and nieces and nephews for the recovery of an undivided two-thirds interest in said property. He lost that suit in the district court on the ground that the said Daisy Adams Rambo and her sister and nieces and nephews were the legal heirs of the said William Adams and Julia Carley, and, as such, had inherited this land.

On appeal to this court, it was held that the said children of William Adams and Julia Carley were adulterous bastards, and that the property in question was inherited by the children of William Adams and Winnie Adams, two of whom constitute plaintiff's authors in title. After that judgment became final, the defendant in this case, Daniel L. Shehee, secured his appointment as administrator of the succession of William Adams, deceased, alleging himself to be a creditor of the said succession, and that the succession owed a considerable amount of other debts.

In the succession proceedings, the administrator filed what he termed to be a list of debts owing by the succession of William Adams, on which list he showed his own claim to be $68.41, and showed Daisy Adams Rambo to be the only other creditor, in the sum of $1,017.22. He then applied for and obtained an order to sell the properties that he had inventoried as belonging to the said succession. After securing this order, he proceeded with the advertisement of the sale, whereupon plaintiff applied for and obtained an injunction prohibiting the administrator from selling the undivided two-thirds interest claimed by plaintiff in the south half of the northeast quarter (S. ½ of N. E. ¼) of section 10, township 16 north, range 10 west in Bienville parish. As before stated, from that judgment the administrator, Daniel L. Sheehee, and the only other alleged creditor, Daisy Adams Rambo, appealed.

In our former opinion, all questions as to the adulterous children of William Adams and Julia Carley having any rights in said property by inheritance from William Adams were settled contrary to their claims. However, we did not pass upon the claim made against the succession of William Adams by the administrator in his own behalf and in behalf of Daisy Adams Rambo. Plaintiff avers that these claims have prescribed, due to the fact that William Adams died in February, 1927, and these claims were not filed until June 24, 1931, or at least not until the administrator filed his petition for an administration on March 17, 1931. Clearly, therefore, more than four years elapsed from the time William Adams died until plaintiff filed his petition seeking to be appointed administrator of this succession, and claiming that the succession owes his said claim and the said claim of Daisy Adams Rambo, and therefore, unless some intervening cause arose that interrupted the prescription, it has run, since the claims are nothing more than open accounts.

It is the contention of appellants that they should be permitted to sell, in order to pay and satisfy their said debts, the undivided one-half interest that William Adams owned in the said property at the time of his death. They contend that, under article 972 of the Civil Code, when a judgment of this court rendered in the former case of this plaintiff against Daisy Adams Rambo and her sister and minor nieces and nephews, in which the defendants were declared incapable of inheriting from William Adams, became final, all of the rights and actions of Daisy Adams Rambo against the succession, as a creditor, were revived, because her position as creditor became the same as if William Adams had died on the date on which the judgment in the same former opinion became final, on the ground that her rights as such creditor had, in the interval between her acceptance of the succession and the judgment pronouncing her incapable of inheriting, been extinguished by confusion.

Article 972 of the Civil Code provides:

"*Rights of Heir—Revivor.*—The destitution pronounced against the heir revives in his favor all the rights and actions which he had against the succession, and which had been for a time extinguished by confusion.

"So, in case he had paid any creditors of the succession, he shall be reimbursed, and

752

·those who· have not been paid· have no right of action·against him.· The rights and actions ·of the succession against the heir, who is di-·vested for cause of unworthiness, are also re-vived."

Unquestionably this article deals with the rights of parties who possess all the legal requirements of heirs, but who have been divested of such rights for cause of unworthiness. In such· cases such heirs who have had destitution pronounced against them are in the position of having all their rights extin-.guished by ·confusion during the existence of the destitution.· When such destitution ·is legally removed, then all the rights and actions ·such parties formerly held revive. In such cases, during the time the rights and actions ·are extinguished by confusion, prescription is suspended. If, therefore, Daisy Adams Rambo falls within the terms of article 972 of the Civil Code; her rights and actions against the ,succession of William Adams have not pre-.scribed. It is our opinion, however,·that she .falls under the provisions of article 965 of the Civil Code which makes the distinction be-:tween being unworthy and being incapable of .inheriting. That article provides: *"Inca-pacity and Unworthiness Distinguished.—* There is·'this difference between being unworthy· and incapable of inheriting, that he who is declared incapable of inheriting, has ·never been ·heir, whilst he who is declared unworthy, is not the less heir on that account, if he has the other ,qualities required by law to inherit. Thus a person unworthy of inheriting remains seized of the succession, until til he is deprived of it by a judgment, which declares ;him divested of it for cause of unworthiness."

; Daisy Adams Rambo was never the legal ,heir of William Adams, and therefore was incapable of inheriting from him. If not an ·heir, then any question of her ·unworthiness towards William Adams would necessarily have been immaterial, for, if she had displayed such an attitude toward him, he would have had no interest in, nor. even a legal right to, disinherit her on the grounds of unworthiness or otherwise. She could not have been disinherited because she was not an heir.

: Article 965 of the Civil Code states: "He who is declared incapable of inheriting, has ·never been heir, whilst he who is declared 'unworthy, is not the less heir on that ac-·count,· if he has the other [lawful] qualities."

We conclude therefore that, inasmuch as Daisy Adams Rambo was never an heir of William Adams, the proceedings in which she undertook to have herself recognized as an heir must be considered as not having been 'instituted, so far as extinguishing her rights and claims by confusion is concerned. If her rights and actions were not extinguished by .confusion in the interim, then there was no

interruption of prescription against her claim, and, since there was no interruption, clearly her alleged debt has prescribed by the lapse of more than three years.

Having reached these conclusions, it is unnecessary to pass upon Daisy Adams Rambo's right to sue for a separation of patrimony and the time within which she had to take such action.

■ As to the claim of the administrator, Daniel L. Shehee, we think it also has prescribed, for the reason that there were no interruptions, and more than three years having elapsed from the death of William Adams until any claim was made against his succession to establish this claim.

It is now ordered, adjudged, and decreed that our former opinion is reinstated, as herein amended, and that· the judgment of the lower court is affirmed; appellants to pay all cost of appeal.